**Kyle Marqus JOHNSON,
Plaintiff–Appellant,**

v.

**Correctional Officer J. POLIZZIANI;
Correctional Officer E. Castro,
Defendants–Appellees.**

**No. 99–17041.
D.C. No. CV–98–06185–REC/DLB.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 16, 2000.

Decided Feb. 1, 2001.

Before WALLACE, FISHER and RAWLINSON, Circuit Judges.

## MEMORANDUM [1]

Appellant appeals the district court's dismissal of his complaint against two correctional officers for violating his constitutional right to have access to the courts. Although Appellant alleged in his complaint that his legal mail was not delivered at all, the magistrate judge and district court proceeded under the mistaken impression that there was merely a one-day delay in receipt of the mail.

We review the district court's judgment dismissing Appellant's action alleging denial of meaningful access to the courts de novo. *See Barren v. Harrington,* 152 F.3d 1193, 1194 (9th Cir.1998). To succeed on an action for denial of access to the courts, Appellant must allege he suffered a specific, concrete, injury as a result of Appellees' actions. *Lewis v. Casey,* 518 U.S. 343, 351, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996). Appellant has failed to do so. However, a *pro se* litigant "must be given leave to amend his or her complaint unless it is obviously clear that the deficiencies in the complaint could not be cured by amendment." *See Karim–Panahi v. Los Angeles Police Dep't,* 839 F.2d 621, 623 (9th Cir.1988).

The record in this case reflects that Appellant's attempts to cure the deficiencies in his earlier complaint were directed at correcting the district court's misunderstanding of the nature of his claim. Appellant should now be allowed an opportunity to meet the specific injury pleading requirements set forth in *Lewis v. Casey.* Because the magistrate judge expressly assumed Appellant had alleged a pending proceeding in his complaint, we need not reach the question whether failure to deliver court mail is per se unconstitutional.

We therefore REVERSE the decision below and REMAND to the district court with instructions that Appellant be allowed to amend his complaint.

**1.** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.